1   SEYFARTH SHAW LLP
    Andrew M. Paley (SBN 149699) apaley@seyfarth.com
2   Sheryl L. Skibbe (SBN 199441) sskibbe@seyfarth.com
    2029 Century Park East, Suite 3500
3   Los Angeles, California 90067
    Telephone: (310) 277-7200
4   Facsimile: (310) 201-5219

5   Andrew M. McNaught (SBN 209093) amcnaught@seyfarth.com
    Ashley E. Choren (SBN 260337) achoren@seyfarth.com
6   560 Mission Street, Suite 3100
    San Francisco, California 94105
7   Telephone: (415) 397-2823
    Facsimile: (415) 397-8549

8
    Attorneys for Defendants
9
    MARLIN & SALTZMAN, LLP
10  Louis M. Marlin (SBN 54053) louis.marlin@marlinsaltzman.com
    3200 El Camino Real, Ste. 100
11  Irvine California 92602
    Telephone: (714) 669-4900
12  Facsimile: (714) 669-4750

13  Stanley Saltzman (SBN 90058)ssaltzman@marlinsaltzman.com
    Marcus Bradley (SBN 174156)mbradley@marlinsaltzman.com
14  29229 Canwood St., Ste. 208
    Agoura Hills, California 91301
15  Telephone: (818) 991-8080
    Facsimile: (818) 991-8081
16
    Attorneys for Plaintiff, with other Plaintiff's counsel listed on following page
17

18              UNITED STATES DISTRICT COURT

19        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

20  ARABELLA LEMUS, an individual and on          )
    behalf of all others similarly situated,      )   Case No. CV-09-03179 SI
21                                                 )
                                                   )   The Honorable Susan Illston
22            Plaintiff,                           )
                                                   )   **STIPULATED PROTECTIVE ORDER**
23       v.                                        )
                                                   )   Complaint Filed: June 9, 2009
24  H&R BLOCK TAX AND BUSINESS                     )   FAC Filed: July 8, 2009
    SERVICES, INC., a Delaware corporation;        )   SAC Filed: October 8, 2009
25  H&R BLOCK ENTERPRISES, INC., a                 )
    Missouri corporation; H&R BLOCK TAX            )
26  SERVICES, INC., a Missouri corporation;        )
    H&R BLOCK SERVICES, INC., a Missouri           )
27  corporation; and DOES 1 through 50, inclusive, )
                                                   )
28            Defendants.                          )

1   ADDITIONAL PLANITIFF'S COUNSEL

2   DIVERSITY LAW GROUP, A PROFESSIONAL CORPORATION
    Larry W. Lee (SBN 228175) lwlee@diversitylaw.com
3   444 S. Flower Street
    Citigroup Center, Suite 1370
4   Los Angeles, California  90071
    Telephone: (213) 488-6555
5
    LAW OFFICE OF SHERRY JUNG
6   Sherry Jung (SBN 234406) sherryj23@hotmail.com
    448 S. Hill St., Suite 605
7   Los Angeles, California  90013
    Telephone: (213)489-8900
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Anabella Lemus ("Plaintiff") and Defendant H&R Block Enterprises LLC

2  ("Defendant"), by and through their respective counsel, hereby submit this Stipulated Protective

3  Order.

4        1.      PURPOSES AND LIMITATIONS

5        Disclosure and discovery activity in this action are likely to involve production of

6  confidential, proprietary, or private information for which special protection from public

7  disclosure and from use for any purpose other than prosecuting this litigation would be

8  warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

9  following Stipulated Protective Order. The parties acknowledge that this Order does not confer

10  blanket protections on all disclosures or responses to discovery and that the protection it affords

11  extends only to the limited information or items that are entitled under the applicable legal

12  principles to treatment as confidential. The parties further acknowledge, as set forth in Section

13  10, below, that this Stipulated Protective Order creates entitlement to file confidential

14  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

15  and reflects the standards that will be applied when a party seeks permission from the court to

16  file material under seal.

17        2.      DEFINITIONS

18        2.1    Party:  any party to this action, including all of its officers, directors,

19  employees, consultants, retained experts, and outside counsel (and their support staff).

20        2.2    Disclosure or Discovery Material: all items or information, regardless of

21  the medium or manner generated, stored, or maintained (including, among other things,

22  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

23  responses to discovery in this matter.

24        2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how

25  generated, stored or maintained) or tangible things that qualify for protection under standards

26  developed under F.R.Civ.P. 26(c) including but not limited to Defendants' operating policies,

27  procedures, manual, non-public financial information, Defendants' clients' account information,

28  information referring to Defendants' payroll/HR data, proprietary software, and other trade

1   secret information.  In agreeing to the protection of "trade secret" information, the parties hereby

2   incorporate the definition for that term as stated in California Civil Code section 3426.1(d).[1]

3          2.4      Receiving Party:  a Party that receives Disclosure or Discovery Material

4   from a Producing Party.

5          2.5      Producing Party:  a Party or non-party that produces Disclosure or

6   Discovery Material in this action.

7          2.6      Designating Party:  a Party or non-party that designates information or

8   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

9          2.7      Protected Material:  any Disclosure or Discovery Material that is

10  designated as "CONFIDENTIAL."

11         2.8      Outside Counsel:  attorneys who are not employees of a Party but who

12  are retained to represent or advise a Party in this action.

13         2.9      House Counsel:  attorneys who are employees of a Party.

14         2.10     Counsel (without qualifier):  Outside Counsel and House Counsel (as

15  well as their support staffs).

16         2.11     Expert:  a person with specialized knowledge or experience in a matter

17  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

18  witness or as a consultant in this action and who is not a past or a current employee of a Party or

19  of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

20  employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

21  trial consultant retained in connection with this litigation.

22         2.12     Professional Vendors:  persons or entities that provide litigation support

23  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

24  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

25  subcontractors.

26
27
28

---

[1] California Civil Code section 3426.1(d) provides that trade secret means " information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

The parties agree that, where it would not be cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as confidential. If the opposing party, upon review, feels that a particular document is not properly confidential, he or she may confer with the Designating Party, which shall withdraw the designation if warranted.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated

5

1  before the material is disclosed or produced.

2  Designation in conformity with this Order requires:

3  (a) <u>for information in documentary form</u> (apart from transcripts of

4  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

5  "CONFIDENTIAL" at the top or bottom of each page that contains protected material.  If only a

6  portion or portions of the material on a page qualifies for protection, the Producing Party also

7  must clearly identify the protected portion(s) (e.g., by making appropriate markings n the

8  margins.)

9  (b) <u>for testimony given in deposition or in other pretrial or trial</u>

10  <u>proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the

11  record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

12  When it is impractical to identify separately each portion of testimony that is entitled to

13  protection, and when it appears that substantial portions of the testimony may qualify for

14  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

15  record (before the deposition or proceeding is concluded) a right to have the entire testimony be

16  protected for 20 days.  Immediately following the 20 day period, the Party or non-party must

17  identify the specific protected portions of the testimony.  Only those portions of the testimony

18  that are appropriately designated for protection immediately following the 20 day waiting period

19  shall be covered by the provisions of this Stipulated Protective Order.

20  Transcript pages containing Protected Material must be separately bound

21  by the court reporter, who must affix to the top of each such page the legend

22  "CONFIDENTIAL."

23  (c) <u>for information produced in some form other than documentary, and</u>

24  <u>for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of

25  the container or containers in which the information or item is stored the legend

26  "CONFIDENTIAL."  If only portions of the information or item warrant protection, the

27  Producing Party, to the extent practicable, shall identify the protected portions.

28  5.3 <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure

1   to designate qualified information or items as "CONFIDENTIAL" does not, standing alone,

2   waive the Designating Party's right to secure protection under this Order for such material. If

3   material is appropriately designated as "CONFIDENTIAL" after the material was initially

4   produced, the Receiving Party, on timely notification of the designation, must make reasonable

5   efforts to assure that the material is treated in accordance with the provisions of this Order.

6         6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7         6.1 Timing of Challenges.  Unless a prompt challenge to a Designating Party's

8   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

9   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

10  waive its right to challenge a confidentiality designation by electing not to mount a challenge

11  promptly after the original designation is disclosed.

12        6.2 Meet and Confer.  A Party that elects to initiate a challenge to a Designating

13  Party's confidentiality designation must do so in good faith and must begin the process by

14  conferring with counsel for the Designating Party.  In conferring, the challenging Party must

15  explain the basis for its belief that the confidentiality designation was not proper and must give

16  the Designating Party an opportunity to review the designated material, to reconsider the

17  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

18  designation. A challenging Party may proceed to the next stage of the challenge process only if it

19  has engaged in this meet and confer process first.

20        6.3 Judicial Intervention.  A Party that elects to press a challenge to a

21  confidentiality designation after considering the justification offered by the Designating Party

22  may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and

23  sets forth in detail the basis for the challenge.  Every motion filed and served under Civil Local

24  Rule 7 must be in compliance with Civil Local Rule 79-5. Each such motion must be

25  accompanied by a competent declaration that affirms that the movant has complied with the meet

26  and confer requirements imposed in the preceding paragraph and that sets forth with specificity

27  the justification for the confidentiality designation that was given by the Designating Party in the

28  meet and confer dialogue.

1    The burden of persuasion in any such challenge proceeding shall be on the

2    Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

3    material in question the level of protection to which it is entitled under the Producing Party's

4    designation.

5    7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6    7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

7    disclosed or produced by another Party or by a non-party in connection with this case only for

8    prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

9    disclosed only to the categories of persons and under the conditions described in this Order.

10    When the litigation has been terminated, a Receiving Party must comply with the provisions of

11    section 11, below (FINAL DISPOSITION).

12    Protected Material must be stored and maintained by a Receiving Party at a

13    location and in a secure manner that ensures that access is limited to the persons authorized

14    under this Order.

15    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

16    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

17    disclose any information or item designated CONFIDENTIAL only to:

18    (a) the Receiving Party's Outside Counsel of record in this action, as well

19    as employees of said Counsel to whom it is reasonably necessary to disclose the information for

20    this litigation;

21    (b) the officers, directors, and employees (including House Counsel) of the

22    Receiving Party to whom disclosure is reasonably necessary for this litigation;

23    (c) experts (as defined in this Order) of the Receiving Party to whom

24    disclosure is reasonably necessary for this litigation;  and who have signed the "Agreement to Be

25    Bound by Protective Order" (Exhibit A);

26    (d) the Court and its personnel;

27    (e) court reporters, their staffs, and professional vendors to whom

28    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

8

1  Bound by Protective Order" (Exhibit A);

2  (f) during their depositions, third-party witnesses in the action to whom

3  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

5  depositions that reveal Protected Material must be separately bound by the court reporter and

6  may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7  (g) the author of the document or the original source of the information.

8  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

9  OTHER LITIGATION.

10  If a Receiving Party is served with a subpoena or an order issued in other litigation that

11  would compel disclosure of any information or items designated in this action as

12  "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by

13  fax, if possible) immediately and in no event more than three court days after receiving the

14  subpoena or order.  Such notification must include a copy of the subpoena or court order.

15  The Receiving Party also must immediately inform in writing the Party who caused the

16  subpoena or order to issue in the other litigation that some or all the material covered by the

17  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

18  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

19  caused the subpoena or order to issue.

20  The purpose of imposing these duties is to alert the interested parties to the existence of

21  this Protective Order and to afford the Designating Party in this case an opportunity to try to

22  protect its confidentiality interests in the court from which the subpoena or order issued. The

23  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

24  its confidential material — and nothing in these provisions should be construed as authorizing or

25  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26  9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28  Material to any person or in any circumstance not authorized under this Stipulated Protective

9

1  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

3  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4  this Order, and (d) request such person or persons to execute the "Acknowledgment and

5  Agreement to Be Bound" that is attached hereto as Exhibit A.

6        10.    FILING PROTECTED MATERIAL.  Without written permission from the

7  Designating Party or a court order secured after appropriate notice to all interested persons, a

8  Party may not file in the public record in this action any Protected Material.  A Party that seeks

9  to file under seal any Protected Material must comply with Civil Local Rule 79-5.

10        11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

11  Producing Party, within sixty days after the final termination of this action, each Receiving Party

12  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

13  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

14  reproducing or capturing any of the Protected Material, With permission in writing from the

15  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

16  of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

17  submit a written certification to the Producing Party (and, if not the same person or entity, to the

18  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

19  the Protected Material that was returned or destroyed and that affirms that the Receiving Party

20  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

21  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

22  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

23  correspondence or attorney work product, even if such materials contain Protected Material. Any

24  such archival copies that contain or constitute Protected Material remain subject to this

25  Protective Order as set forth in Section 4 (DURATION), above.

26        12.    MISCELLANEOUS

27        12.1 Right to Further Relief.  Nothing in this Order abridges the right of any

28  person to seek its modification by the Court in the future.

10

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 16, 2010

SEYFARTH SHAW LLP

By _____
Andrew M. Paley
Sheryl Skibbe
Attorneys for Defendant
H&R BLOCK ENTERPRISES LLC

DATED: March 7, 2010

MARLIN & SALTZMAN

By _____
Louis M. Marlin
Stanley Saltzman
Marcus Bradley
Attorneys for Plaintiff
ARABELLA LEMUS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

_____
Honorable Susan Illston
United States District Court Judge

11

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California on _____ in the case of *Lemus v.*

*H&R Block Enterprises LLC*, Case No. CV-09-03179 SI.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                        [printed name]


Signature:_____

                        [signature]