**MARLIN & SALTZMAN, LLP**
Louis M. Marlin (SBN 54053)
Dale A. Anderson (SBN 122104)
3200 El Camino Real, Ste. 100
Irvine, CA  92602
Tel: (714) 669-4900  Fax:  (714) 669-4750
louis.marlin@marlinsaltzman.com
danderson@marlinsaltzman.com

Attorneys for Plaintiff*
     *Additional plaintiff's counsel on following page

**SEYFARTH SHAW, LLP**
Andrew M. Paley (SBN 149699)
Sheryl L. Skibbe (SBN 199441)
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
Tel: (310) 277-7200 Fax: (310) 277-7100
apaley@seyfarth.com
sskibbe@seyfarth.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, as an individual and on behalf of all others similarly situated, | Case No. CV-09-03179 SI<br>The Honorable Susan Illston |
| Plaintiff, | |
| vs. | **JOINT STIPULATION TO PERMIT PLAINTIFFS TO FILE THIRD AMENDED COMPLAINT** |
| H&R BLOCK TAX AND BUSINESS SERVICES, INC., a Delaware corporation; H&R BLOCK ENTERPRISES, INC., a Missouri corporation; H&R BLOCK TAX SERVICES, INC., a Missouri corporation; H&R BLOCK SERVICES, INC., a Missouri corporation;  and  DOES 1 through 50, inclusive, | Complaint Filed: June 9, 2009<br>FAC Filed:  July 8, 2009<br>SAC Filed:  October 8, 2009 |
| Defendants. | |

ADDITIONAL PLAINTIFF'S COUNSEL

**MARLIN & SALTZMAN, LLP**
Stanley Saltzman (SBN 90058)
Marcus Bradley (SBN 174156)
29229 Canwood St., Ste. 208
Agoura Hills,  California  91301
Tel: (818) 991-8080  Fax:  (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com

**DIVERSITY LAW GROUP**, APC
Larry W. Lee (SBN 228175)
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California  90071
Telephone: (213) 488-6555
lwlee@diversitylaw.com

**LAW OFFICE OF SHERRY JUNG**
Sherry Jung (SBN 234406) sherryj23@hotmail.com
448 S. Hill St., Suite 605
Los Angeles, California  90013
Telephone: (213)489-8900

2

1   The parties, by and through their counsel of record, hereby stipulate and agree as follows:

2       WHEREAS, on or about June 9, 2009, Plaintiff ARABELLA LEMUS ("Plaintiff") filed a

3   class action complaint against Defendants H&R Block Tax and Business Services, Inc., H&R Block

4   Enterprises, Inc., H&R Block Tax Services, Inc., and H&R Block Services, Inc. (collectively

5   "Defendants") in the Superior Court of California, County of San Francisco;

6       WHEREAS, on or about July 8, 2009, Plaintiff filed her First Amended Complaint against

7   Defendants in the Superior Court of California, County of San Francisco;

8       WHEREAS, H&R Block Tax and Business Services, Inc. and H&R Block Services, Inc.,

9   were the only Defendants who were served with the FAC;

10      WHEREAS, on or about July 13, 2009, H&R Block Tax and Business Services, Inc.  filed

11  an Answer to Plaintiff's First Amended Complaint in the Superior Court of California, County of San

12  Francisco;

13      WHEREAS, on or about July 14, 2009, H&R Block Tax and Business Services, Inc. removed

14  the instant action to the United States District Court, Northern District;

15      WHEREAS, on or about October 8, 2009, Plaintiff filed her Second Amended Complaint

16  against Defendants in the United States District Court, Northern District of California;

17      WHEREAS, on or about November 11, 2009 H&R Block Enterprises, LLC filed an answer

18  to Plaintiff's Second Amended Complaint;

19      WHEREAS, on May 18, 2010 the Court ordered the parties to meet and confer by June 1,

20  2010 concerning reaching an agreement on Plaintiff filing a third amended complaint;

21      WHEREAS the parties, through their counsel of record, have met and conferred regarding

22  filing of a Third Amended Complaint, which includes the dismissal of H&r Block Tax and Business

23  Services, Inc., H&r Block Tax Services, Inc., and H&r Block Services, Inc. without prejudice;

24      WHEREAS a copy of Plaintiff's Third Amended Complaint is attached hereto as Exhibit "A";

25      IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, as

26  follows:

27      1.      Plaintiffs' Third Amended Complaint may be filed and is deemed served as of the

28  date the Court accepts this Stipulation and enters an order permitting the filing of the Third Amended

3

1    Complaint.

2        2.    Plaintiffs' Third Amended Complaint will dismiss the H&R Block entities, with the

3    exception of  H&R BLOCK ENTERPRISES, LLC (fka H&R BLOCK ENTERPRISES, INC., a

4    Missouri corporation), without prejudice.   In the event that Plaintiffs believe that they have

5    uncovered evidence during the course of the litigation that would support a theory of liability against

6    any other H&R Block entity, Plaintiffs retain the right to move to include them in this action as Doe

7    defendants and defendants will not raise the issue of Plaintiff having previously dismissed any entity

8    as a defense to that motion.  Defendant may raise any other opposition to Plaintiffs' motion to name

9    any H&R Block entity as a Doe defendant.

10        3.    The parties agree that Plaintiffs' vacation pay claim raised in Plaintiffs' Third

11   Amended Complaint does not relate back to the original filing date, but does relate to the date the

12   court approves the stipulation to file the Third Amended Complaint.

13        4.    Defendant shall have 20 days from the date the Court accepts this Stipulation to file

14   its answer to Plaintiffs' Third Amended Complaint

15   DATED:   June 1, 2010                      **MARLIN & SALTZMAN, LLP**

16

17                                             By: _____
                                                   Dale A. Anderson, Esq.
18                                                 Attorneys for Plaintiffs

19   DATED:   Jun                              **SEYFARTH SHAW, LLP**

20

21                                             By: /s/ _____
                                                   Andrew Paley, Esq.
22                                                 Attorneys for Plaintiffs and plaintiff class

23

24        I, Dale A. Anderson, attest that I have obtained concurrence from Andrew Paley in the filing

25   of this Stipulation.   See N.D. Cal. General Order 45 § X(B).

26

27                                             _____
                                               Dale A. Anderson

28

*(Seal: UNITED STATES DISTRICT COURT · NORTHERN DISTRICT OF CALIFORNIA · IT IS SO ORDERED · Judge Susan Illston)*

# EXHIBIT   A

**MARLIN & SALTZMAN, LLP**
Louis M. Marlin (SBN 54053)
Dale A. Anderson (SBN 122104)
3200 El Camino Real, Ste. 100
Irvine  California  92602
Tel: (714) 669-4900 Fax:  (714) 669-4750
louis.marlin@marlinsaltzman.com
danderson@marlinsaltzman.com

**DIVERSITY LAW GROUP**, APC
Larry W. Lee (SBN 228175) lwlee@diversitylaw.com
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California  90071
Telephone: (213) 488-6555

Attorneys for Plaintiffs*
         *Additional Counsel On Page Following Caption

## UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, MALVIN A. AYALA as individuals and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> H&R BLOCK ENTERPRISES, LLC (fka H&R BLOCK ENTERPRISES, INC., a Missouri corporation); and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CV-09-03179 SI <br> The Honorable Susan Illston <br><br> **CLASS ACTION** <br><br> THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: <br><br> (1)  FAILURE TO TIMELY PAY EARNED WAGES IN VIOLATION OF LABOR CODE § 204 <br> (2)  FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE §226; <br> (3)  FAILURE TO REIMBURSE NECESSARY EXPENDITURES IN VIOLATION OF LABOR CODE § 2802; <br> (4)  FAILURE TO PAY OVERTIME WAGES  IN VIOLATION OF LABOR CODE §510; <br> (5)  FAILURE TO PAY ALL WAGES DUE AT TIME OF TERMINATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE § 203; |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(6)      UNFAIR COMPETITION:
CALIFORNIA BUSINESS AND
PROFESSIONS CODE § 17200
ETC;

**DEMAND FOR JURY TRIAL**

Complaint Filed: June 9, 2009
FAC Filed:  July 8, 2009
SAC Filed:  October 8, 2009

2

1

ADDITIONAL PLAINTIFFS' COUNSEL

2

**MARLIN & SALTZMAN, LLP**
Stanley Saltzman (SBN 90058)

3

Marcus Bradley (SBN 174156)
29229 Canwood St., Ste. 208

4

Agoura Hills,  California  91301
Tel: (818) 991-8080 Fax:  (818) 991-8081

5

ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com

6

7

**LAW OFFICE OF SHERRY JUNG**
Sherry Jung (SBN 234406) sherryj23@hotmail.com

8

448 S. Hill St., Suite 605
Los Angeles, California  90013

9

Telephone: (213)489-8900

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third Amended Complaint For Damages and Injunctive Relief
CV-09-03179 SI

Plaintiffs Arabella Lemus and Malvin A. Ayala (hereinafter referred to as "Plaintiffs"), hereby submit their Class Action Complaint (Third Amended Complaint) against Defendants H&R Block Enterprises, LLC (fka H&R Block Enterprises, Inc.) and Does 1-50 (hereinafter collectively referred to as "Defendants") on behalf of themselves and the class of others similarly situated current and former employees of Defendants for reimbursement of expenses, overtime and commission wages owed, vacation wages owed, waiting time penalties and penalties for failure to keep accurate records as follows.

## INTRODUCTION

1.      This matter is brought as a class action pursuant to California *Code of Civil Procedure* section 382, on behalf of plaintiffs and the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt tax preparers of defendant.   The Class Period is from June 9, 2005, to the date judgment is rendered herein.

2.      Plaintiffs seek relief on behalf of themselves, and the members of the plaintiff class, as a result of employment policies, practices and procedures, more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of defendants to pay plaintiff and members of the plaintiff class all wages and reimbursements due to them.  Said employment policies, practices and procedures are generally described as follows:

a.      Defendants failed to timely pay plaintiffs and plaintiff class of all earned wages in violation of *Labor Code* section 204;

b.      Defendants failed to properly calculate and timely pay all overtime pay earned by plaintiffs and the plaintiff class in violation of *Labor Code* section 1194

c.      Defendants failed to provide plaintiffs and members of the plaintiff classes accurate wage statements as required by *Labor Code* section 226;

d.      Defendants failed to reimburse plaintiffs and members of the plaintiff class for all necessary expenditures incurred by them in direct consequence of the discharge of their duties or in

1    obedience to the directions of defendants, in violation of *Labor Code* section 2802;

2        e.      Defendants failed to pay plaintiffs and members of the Terminated Sub-Class all

3    wages due upon termination of their employment, in violation of *Labor Code* sections 201-203; and

4        f.      Defendants failed to pay plaintiff Ayala and members of the Terminated Sub-Class

5    for unused vacation time at the time of termination, in violation of *Labor Code* section 227.3.

6        3.      In addition, plaintiffs and members of the plaintiff class seek relief and damages for

7    defendants' violation, by way of the above-described conduct, of California's unfair competition laws

8    (*Business & Professions Code* § 17200, et.seq.), including the equitable remedies of declaratory

9    relief, disgorgement, accounting, and restitution.

10                        **JURISDICTION AND VENUE**

11       4.      Venue is proper because the Defendants do business in the State of California, they

12   did not list a principal place of business in California with the California Secretary of State, and their

13   principal place of business is outside of California.

14       5.      This action was originally filed in the Superior Court for the State of California,

15   County of San Francisco and removed to this Court on July 13, 2009 under the Class Action Fairness

16   Act (28 U.S.C. §13332(d)(2)) and Diversity of Citizenship.

17                            **THE PARTIES**

18       6.      Plaintiff ARABELLA LEMUS was employed by defendants until on or about April

19   3, 2009.  Plaintiff MALVIN A. AYALA was employed by defendants until on or about January

20   2010.  Hereinafter both Plaintiff ARABELLA LEMUS and Plaintiff MALVIN A. AYALA may be

21   referred to jointly as "Plaintiffs."

22       7.      Plaintiffs were each employed as a non-exempt employee in the position of a tax

23   preparer.

24       8.      The members of the proposed class are likewise current and former employees of

25   defendants, employed by defendants within the state of California as non-exempt tax preparers.

26   Although the exact job titles may differ, all class members generally perform the same job duties,

27   which include those typically associated with assisting in the preparation and completion of annual

28   state and federal tax returns.

9.      Plaintiffs are informed and believe and based thereon allege Defendant H&R Block Enterprises, LLC (fka H&R Block Enterprises, Inc.), is a limited liability company doing business in the State of California including doing business in the County of San Francisco, that operates across California and across the United States providing tax preparation services, and other tax related products and services to the public consumer. Defendant H&R Block Enterprises, LLC exercises control over the wages, hours, and/or working conditions of the Plaintiffs and the Plaintiff Class and permits Plaintiffs and the Plaintiff Class to work for said defendant.

10.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned defendants and DOES 1 through 50, are and were limited liability companies, corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to defendants' business in California, defendants are subject to California *Labor Code* sections 201-204, 226, 1194, 1194.2, 2698 et seq. and 2802, and California *Business & Professions Code* sections 16600 and 17200, et seq., (Unfair Practices Act).

12.     Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each defendant named herein was the agent of the other, and the agent of all defendants. Plaintiffs are further informed and believe, and thereon allege, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## FACTUAL ALLEGATIONS

13.     Plaintiffs incorporate herein by reference the allegations set forth above in paragraphs 1 through 12.

14.     Plaintiffs, and the members of the plaintiff class are classified by defendant as non-exempt employees, pursuant to the provisions of California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, including Wage Order 4-2001 (8 CCR § 11040).  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

15.     Plaintiffs and the members of the plaintiff class are each required to enter into written employment agreements for each tax season they are employed by defendants.  Generally, the employment terms run from November of one year through the middle of April of the following year. The employment agreements end, or terminate, generally around April 20.

16.     The employment agreements for plaintiffs and the plaintiff class include, as part of the agreed upon compensation, non-discretionary "additional compensation."  This "additional compensation" includes monies to be paid based on services sold, monies to be paid for repeat customers, specific tax plans sold, and other items.  Defendants were able to, and in fact did, calculate the amount of the additional compensation earned by the plaintiffs and members of the plaintiff class each month and/or payperiod.   Thus, at any time in the course of their employment, plaintiffs and members of the plaintiff class could see exactly how much additional compensation they had earned.

17.     Despite the fact defendants were able to, and in fact did, calculate the amount of additional compensation earned by plaintiffs and the plaintiff class on a continuing basis, defendants violated *Labor Code* section 204 by not timely paying to plaintiffs and the plaintiff class the full amount of wages, including overtime and additional compensation, owed to them.  Rather than paying plaintiffs and the members of the plaintiff class the earned additional compensation no later than the payday for the next regular pay period, defendants waited until several weeks after the employment of plaintiff and the plaintiff class terminated to pay the additional compensation earned.

18.     As a condition of employment with defendants, plaintiffs and members of the plaintiff class were required by defendants to pay for and take a tax preparation course provided by defendants.  Plaintiffs and members of the plaintiff class have not been reimbursed for the expenses

1    of these courses which were incurred at the direction and requirement of defendants.

2        19.    Plaintiffs and members of the plaintiff class were, and are routinely provided wage

3    statements which do not truly and accurately reflect the number of hours worked by them, or the

4    wages due to them, including but not limited to, failing to reflect compensation due for the earned

5    commissions and bonuses for each pay period.  During the Class Period, defendants have had a

6    consistent policy of failing to provide plaintiffs and members of the plaintiff class true and accurate

7    wage statements upon payment of wages, as required by California *Labor Code* section 226(a).

8        20.    Plaintiffs and members of the plaintiff class, in addition to the agreed hourly rate,

9    earned additional compensation based on various factors outlined in their standard employment

10   agreement.  Defendants did not timely and properly calculate the amount of additional overtime to

11   which Plaintiffs and the members of the plaintiff class were entitled based on the amount of

12   additional compensation earned.  Specifically, defendants waited until several weeks after the

13   termination of the employment to calculate and pay adjusted overtime.  In the process, defendants

14   utilized an improper format for calculating the additional overtime to which Plaintiffs and the

15   members of the plaintiff class were entitled.  Consequently, defendants were untimely in the payment

16   of the adjusted overtime, and paid the wrong amount.

17       21.    Plaintiffs and members of the Terminated Sub-Class, were routinely not paid, upon

18   termination of their annual employment, all wages due to them, in violation of California *Labor*

19   *Code* sections 201-203.  Each year, the employment of plaintiffs and the plaintiff class terminates

20   on a specific date known in advance to Defendants based on the specific terms of the employment

21   agreements.  Defendants are required under *Labor Code* section 203 to pay plaintiffs and members

22   of the plaintiff class, all wages due them on that termination date. Specifically, plaintiffs and

23   members of the Terminated Sub-Class were not paid for "additional compensation," and the proper

24   calculation of overtime pay.  During the Class Period, and continuing to the present, defendants have

25   had a consistent policy of failing to provide Plaintiffs and members of the Terminated Sub-Class all

26   wages due to them upon termination.

27       22.    Plaintiff Ayala and members of the Terminated Sub-Class who earned vacation time,

28   whose employment with defendants was terminated during the Class Period, were routinely not paid,

upon termination, for earned and vested vacation and personal time, in violation of California *Labor Code* section 227.3.  During the Class Period, and continuing to the present, Defendants have had a consistent policy of failing to pay members of the Terminated Sub-Class for earned and unused vacation and personal time upon termination.

23.    The wage and hour violations herein alleged were and are wilful and deliberate, and were taken pursuant to, and resulted from defendants' policies, patterns and practices, which defendants applied uniformly to plaintiffs and all members of the plaintiff class, and which have resulted in the unjust enrichment of defendants at the expense of plaintiffs and members of the plaintiff class.

24.    As a direct result of the wage and hour violations herein alleged, plaintiffs and members of the plaintiff class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at the time of trial.

25.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring plaintiffs and members of the plaintiff class, from improper motives amounting to malice, and in conscious disregard of plaintiffs' rights, and the rights of the plaintiff class.  Plaintiffs and members of the plaintiff class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

26.    Plaintiffs have complied, or are currently in the process of complying, with the procedures for bringing suit specified in California *Labor Code* section 2699.3.  By letters dated July 8, 2009, and on October 13, 2009, plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA"), and Defendants, of the specific provisions of the *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations. On July 31, 2009, the Labor and Workforce Development Agency notified Plaintiff Lemus that it did not intend to investigate the allegations of violations of the provisions of the *Labor Code* and wage orders promulgated by the Industrial Welfare Commission.

**CLASS ACTION ALLEGATIONS**

27.    Plaintiffs incorporate herein by reference the allegations set forth above in paragraphs 1 through 27.

28.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* section 382.   The class which plaintiffs seek to represent is composed of, and defined as follows:

**Plaintiff Class:**

> All non-exempt employees who were or are employed by defendants during the Class Period in California as tax preparers.

> **Terminated Sub-Class**:

> All members of the Plaintiff Class whose employment ended during the Class Period.

29.    The Class Period is the period from June 9, 2005, through and including the date judgment is rendered in this matter.

30.    The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to plaintiffs at this time and can only be ascertained through appropriate discovery directed to defendants, plaintiffs are informed and believe that the class includes potentially more than 5,000 members.

31.    Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.    Whether plaintiffs and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether defendants failed to pay plaintiffs and the plaintiff class the full amount of wages earned in the time frame required by *Labor Code* section 204;

c.    Whether defendants failed to promptly pay compensation owing to plaintiffs and

1    members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor*

2    *Code* sections 201-203;

3          d.      Whether defendants failed to reimburse plaintiffs and plaintiff class for all necessary

4    expenditures incurred by them in direct consequence of the discharge of their duties or in obedience

5    to the directions of defendants, in violation of *Labor Code* section 2802;

6          e.      Whether defendants maintained accurate records of the hours worked by employees;

7          f.      Whether defendants failed to provide plaintiffs and members of the plaintiff class

8    with true and proper wage statements upon payment of wages, in violation of *Labor Code* section

9    226;

10         g.      Whether defendants failed to compensate terminated employees for earned, but

11   unused vacation and personal time;

12         h.      Whether plaintiffs and members of the plaintiff class sustained damages, and if so,

13   the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and

14   equitable relief; and

15         .       Whether defendants' conduct as alleged herein violates the Unfair Business Practices

16   Act of California, *Business & Professions Code* section 17200, et seq.

17         32.     The claims of the named plaintiffs are typical of the claims of the members of the

18   proposed class.  Plaintiffs and other class members sustained losses, injuries and damages arising

19   from defendants' common policies, practices, procedures, protocols, routines, and rules which were

20   applied to other class members as well as plaintiff.  Plaintiffs seek recovery for the same type of

21   losses, injuries, and damages as were suffered by other members of the proposed class.

22         33.     Plaintiffs are adequate representatives of the proposed class because they are members

23   of the class and their interests do not conflict with the interests of the members they seek to

24   represent.  Plaintiffs have retained competent counsel, experienced in the prosecution of complex

25   class actions, and together plaintiffs and their counsel intend to prosecute this action vigorously for

26   the benefit of the class.  The interests of the class members will fairly and adequately be protected

27   by plaintiffs and their attorneys.

28         34.     A class action is superior to other available methods for the fair and efficient

11

adjudication of this litigation since individual litigation of the claims of all class members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

35.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* section 382 because:

a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for defendants, and

b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### (Failure to Timely Pay Earned Wages in Violation of *Labor Code* § 204)

### (By All Plaintiffs Against All Defendants)

36.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 as though fully set for herein.

37.     At all times relevant herein, defendants were required to compensate plaintiffs and members of the plaintiff class certain wages earned by them in addition to their stated hourly rate. These additional wages include a percentage of the amount of products and/or services sold by the Plaintiffs and members of the plaintiff class.

38.      As a pattern and practice, defendants regularly failed to pay Plaintiffs and class members additional wages earned by them until weeks after the termination of their employment.

39.    Plaintiffs are informed and believe and based thereon allege defendants willfully failed to timely pay employees proper compensation for all additional non-discretionary wages earned. Plaintiffs are informed and believe and based thereon allege defendants' willful failure to provide all such wages due and owing them by the payday for the next regular payroll period as required by *Labor Code* section 204(b).

## SECOND CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements in Violation of *Labor Code* §226)**

**(By All Plaintiffs Against All Defendants)**

40.    Plaintiffs incorporate herein by reference the allegations set forth above in paragraphs 1 through 39.

41.    *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish her or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ."  Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

42.    Defendants failed to accurately record the wages due to plaintiffs and members of the plaintiff class, including, but not limited to, failing to record wages due for missed breaks, and failing to record and timely and properly calculate the amount of additional compensation due, and by untimely and inaccurately recording and paying overtime pay.

43.    Plaintiffs and members of the plaintiff class were damaged by this failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full and timely compensation therefore.

44.     Plaintiffs and members of the plaintiff class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## THIRD CAUSE OF ACTION

### (Failure to Reimburse Necessary Expenditures

### In Violation of *Labor Code* § 2802)

### (By All Plaintiffs Against All Defendants)

45.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 44 as though fully set for herein.

46.     This cause of action is brought pursuant to *Labor Code* section 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers, or in obedience to the directions of their employers.

47.     As a pattern and practice, defendants regularly failed to reimburse and indemnify plaintiffs and class members for work related expenses and losses, including but not limited to expenses incurred for annual mandatory training courses.

48.     Defendants had a uniform corporate pattern and practice and procedure regarding the above practices and the violation of *Labor Code* section 2802.

49.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by plaintiffs in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California *Labor Code* section 2802, *et seq*.

## FOURTH CAUSE OF ACTION

### (Failure to Pay Overtime  Wages

### In Violation of *Labor Code* §510)

### (By All Plaintiffs Against All Defendants)

50.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49 as though fully set for herein.

14

51.     At all times relevant herein, defendants were required to compensate their employees proper overtime wages for overtime hours worked pursuant to California *Labor Code* section 1194. plaintiffs and the Class were employed by defendants as non-exempt employees entitled to overtime wages.  During plaintiffs' employment with defendants, plaintiffs and the class worked overtime hours.  Specifically, plaintiffs and the class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay.

52.     During their employment with defendants, including during pay periods wherein plaintiffs and the class worked overtime, plaintiffs and the class also earned non-discretionary incentive pay (including but not limited to commissions/bonuses).  Defendants did not properly and timely calculate and/or factor such non-discretionary pay into plaintiffs' and class members' wages for purposes of calculating overtime pay and, as such, owe plaintiffs and the class additional overtime pay.

53.     Plaintiffs are informed and believe and based thereon allege that defendants' policy and practice of requiring overtime work and not paying for said work in accordance with the overtime mandates of California law is, and at all times herein mentioned was, in violation of California *Labor Code* section 1194 and California Industrial Welfare Commission wage order(s). Defendants' employment policies and practices wrongfully and illegally failed to compensate plaintiffs and the class for overtime compensation earned as required by California law.

54.     The conduct of defendants and their agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

55.     Plaintiffs are informed and believe and based thereon allege that defendants willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay.  Plaintiffs are informed and believe and based thereon allege that defendants' willful failure to provide all overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.

56.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by plaintiffs in a civil action, for the unpaid balance of the full amount of overtime premiums owing,

1   including interest thereon, penalties, attorney's fees, and costs of suit according to the mandate of

2   California *Labor Code* section 1194, *et seq*.

3                                          **FIFTH CAUSE OF ACTION**

4                              **(Failure to Pay All Wages Due at Time of Termination**

5                              **of Employment in Violation of** *Labor Code* **§§201- 203)**

6                                    **(By All Plaintiffs Against All Defendants)**

7            57.      Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 as though

8   fully set for herein.

9            58.   At all times relevant herein, defendants were required to pay their employees all wages

10   owed in a timely fashion at the end of employment pursuant to California *Labor Code* sections 201

11   to 203.

12           59.      As a pattern and practice, defendants regularly failed to pay plaintiffs and class

13   members their full and complete final wages at the time the employment of plaintiffs and plaintiff

14   class ended each year pursuant to *Labor Code* sections 201 to 203 and accordingly owe waiting time

15   penalties pursuant to *Labor Code* section 203.  Additionally, defendants did not properly compute

16   overtime pay and adjustments and, therefore, did not provide full and complete payment.  Further,

17   Defendants failed to include the full amount of any accrued vacation pay in final payment.  Finally,

18   as a corporate pattern and practice, for class members who were terminated from their employment

19   during the middle of each tax season, such employees had their earned non-discretionary incentive

20   pay (including but not limited to bonuses/commissions) forfeited by defendants.

21           60.      The conduct of defendants and their agents and employees as described herein was

22   willfully done in violation of plaintiffs and class members' rights, and done by managerial employees

23   of defendants.

24           61.      Plaintiffs are informed and believe and based thereon allege defendants' willful failure

25   to pay wages due and owing them upon separation from employment results in a continued payment

26   of wages up to thirty (30) days from the time the wages were due.  Therefore, plaintiffs and class

27   members who have separated from employment are entitled to compensation pursuant to *Labor Code*

28   section 203.

62.     California *Labor Code* section 227.3 prohibits the forfeiture of vacation pay, and obligates the employer to compensate terminated employees for all earned, but unused vacation time at the employee's final rate of pay.  Plaintiffs and members of the Terminated Sub-Class seek all unpaid wages, in addition to any penalties permitted or allowed by statute, as well as interest, attorney's fees and costs, as a result of defendants' wilful violation of section 227.3 as herein alleged.

**SIXTH CAUSE OF ACTION**

**(Unfair Competition: California *Business & Professions Code* § 17200 etc.)**

**(By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the**

**General Public, Against All Defendants)**

63.     Plaintiffs incorporate herein by reference the allegations set forth above in paragraphs 1 through 62.

64.     Section 17200 of the California *Business & Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

65.     Plaintiffs bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter. Plaintiffs and members of the proposed class have suffered and continue to suffer injury in fact and monetary damages as a result of defendants' actions.

66.     The actions by defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of *Business & Professions Code* section 17200 et. seq.

67.     Defendants' conduct as herein alleged has damaged plaintiffs and the members of the plaintiff class by denying them wages due and payable, and by failing to provide proper wage statements.  Defendants' actions are thus substantially injurious to plaintiffs and the members of the plaintiff class, causing them injury in fact and loss of money.

68.     As a result of such conduct, defendants have unlawfully and unfairly obtained monies due to the plaintiff and the members of the plaintiff class.

69.     All members of the plaintiff class can be identified by reference to payroll and related records in the possession of the defendants.  The amount of wages due plaintiffs and members of the

1  plaintiff class can be readily determined from defendants' records.  The members of the proposed

2  class are entitled to restitution of monies due and obtained by defendants during the Class Period as

3  a result of defendants' unlawful and unfair conduct.

4          70.    During the Class Period, defendants committed, and continue to commit acts of unfair

5  competition as defined by section 17200 et. seq. of the *Business & Professions Code*, by and among

6  other things, engaging in the acts and practices described above.

7          71.    Defendants' course of conduct, acts, and practices in violation of the California law

8  as mentioned in each paragraph above constitutes a separate and independent violation of

9  section17200 etc. of the *Business & Professions Code*.

10          72.    The harm to plaintiffs and the members of the plaintiff class of being wrongfully

11  denied lawfully earned and unpaid wages outweighs the utility, if any, of defendants' policies and

12  practices and, therefore, defendants' actions described herein constitute an unfair business practice

13  or act within the meaning of *Business & Professions Code* section 17200.

14          73.    Defendants' conduct described herein threatens an incipient violation of California's

15  wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly

16  threatens or harms competition.

17          74.    Defendants' course of conduct described herein further violates *Business &*

18  *Professions Code* section 17200 in that it is fraudulent, improper, and unfair.

19          75.    The unlawful, unfair, and fraudulent business practices and acts of defendants as

20  described herein above have injured plaintiffs and members of the plaintiff class in that they were

21  wrongfully denied the timely and full payment of wages due to them.

22      PRAYER FOR RELIEF

23          WHEREFORE, plaintiffs, on behalf of themselves, and on behalf of  the members of the

24  plaintiff class, prays for judgment against defendants as follows:

25      1.    For an order certifying the proposed class;

26      2.    For nominal damages;

27      3.    For compensatory damages;

28      4.    For equitable relief in the nature of declaratory relief, restitution of all monies due to

1  plaintiffs and members of the plaintiff class, and disgorgement of profits from the unlawful business

2  practices of defendants, and accounting;

3       5.     For penalties permitted by *Labor Code* section 201, 202, 203, 204, 210, 225.5, 223,

4  226, 226.3, 227.3, 450, 510, 512, 1194, 1194.2 and 2802;

5       6.     For all penalties permitted by California's Private Attorney General's Act (PAGA),

6  *Labor Code* section 2698, et seq.;

7       7.     For interest accrued to date;

8       8.     For costs of suit and expenses incurred herein pursuant to *Labor Code* sections 218.5,

9  226 1194, 2699 and 2802;

10      9.     For reasonable attorneys' fees pursuant to *Labor Code* sections 218.5, 226 and 1194;

11 and

12      10.     For all such other and further relief that the Court may deem just and proper.

13 DATED:   May    , 2010          **MARLIN & SALTZMAN, LLP**

14

15                By: _____

16                    Louis M. Marlin, Esq.
                      Dale A. Anderson, Esq.

17                    Attorneys for Plaintiffs and plaintiff class

18                **DEMAND FOR JURY TRIAL**

19      Plaintiffs, for themselves and the class, hereby demand a jury trial.

20 DATED:   May    , 2010          **MARLIN & SALTZMAN, LLP**

21

22                By: _____

23                    Louis M. Marlin, Esq.
                      Dale. A. Anderson, Esq.

24                    Attorneys for Plaintiffs and plaintiff class

25

26

27

28