UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, MALVIN A. AYALA as individuals and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>  vs.<br><br>H&R BLOCK ENTERPRISES, LLC (fka H&R BLOCK ENTERPRISES, INC., a Missouri corporation); and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. CV-09-03179 SI<br>The Honorable Susan Illston<br><br>**CLASS ACTION**<br><br>**[Revised Proposed] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date      :<br>Time      :<br>Courtroom :<br><br>Complaint Filed: June 9, 2009<br>FAC Filed:  July 8, 2009<br>SAC Filed:  October 8, 2009 |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Docket No. 47). The Court has considered the parties' filings, including the moving papers and the Stipulation of the parties concerning the filing of a Fourth Amended Complaint and Certification of the Class (Docket No. 50), as well as the Court's Order granting leave to file the Fourth Amended Complaint and the order certifying the class.

## I. BACKGROUND

The original complaint herein was filed by Arabella Lemus on June 9, 2009 in the San Francisco Superior Court. Defendant filed its Notice of Removal to this Court on July 13, 2009. At

this time, the pending operative pleading is the Fourth Amended Complaint (Docket No. __) filed pursuant to stipulation of the parties and Order of this court (Docket No. __).

On September 24, 2010, Plaintiffs moved for certification of the following causes of action set forth in the Third Amended Complaint:

The **First Cause of Action** for Failure to Timely Pay Earned Wages In Violation of *Labor Code* §204; the **Second Cause of Action** for Failure to Provide Accurate Wage Statements In Violation of *Labor Code* §226; the **Fifth Cause of Action** for Failure to Pay All Wages Due at Time of Termination of Employment In Violation of *Labor Code* §203; and the **Sixth Cause of Action** for Unfair Competition in As Set Forth In California *Business & Professions Code* §17200, et.seq.

Thereafter, the parties entered into a stipulation, reduced to an order of this Court, which permitted the Plaintiff to file a Fourth Amended Complaint which contained the following causes of action only:

**First Cause of Action** for Failure to Provide Accurate Wage Statements In Violation of *Labor Code* §226;

**Second Cause of Action** for Failure to Pay All Wages Due at Time of Termination of Employment In Violation of *Labor Code* §203;

**Third Cause of Action** for civil penalties under the Private Attorney General Act (*Labor Code*, §§ 2698 et seq.).

Pursuant to the stipulation of the parties, the Plaintiffs' Motion For Class Certification will be deemed to seek certification of the three causes of action set forth in the Fourth Amended Complaint. These claims relate directly to Plaintiffs' claims that Defendant allegedly failed to make full, complete and timely payment of earned compensation to its seasonally employed tax professionals at the conclusion of employment in violation of California *Labor Code* §§ 201 - 203[1], as well as claims that Defendant failed to provide accurate wage statements in violation of *Labor Code* §226, and for civil penalties pursuant to *Labor Code*, §§ 2698 et seq.  Further pursuant to the stipulation of the parties, Defendant stipulates to certification of the causes of action found in the Fourth Amended Complaint in connection with the following class:

---

[1] All references herein to the "*Labor Code*" refer to the California Labor Code.

**Plaintiff Class:**

All seasonal, non-exempt Tax Professional employees who were or are employed by defendants during the Class Period in California as tax preparers.

**Terminated Sub-Class**:

All members of the Plaintiff Class whose employment ended during the Class Period. The proposed Class Period runs from June 9, 2006 through December 31, 2010.

## II.  LEGAL STANDARD

Class certification is governed by *Federal Rule of Civil Procedure* 23, which sets forth a two-step procedure. First, the Court must determine that the following four requirements of Rule 23(a) have been satisfied: (1) ascertainability/numerosity; (2) common questions of law and fact; (3) typicality; and (4) fair and adequate representation. Fed.R.Civ.P. 23(a). Once these requirements are met, the plaintiff must also show that the lawsuit qualifies for class action status under one of the criteria found in Rule 23(b).  See *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1180, 1186 (9th Cir.2001), amended and superceded on denial of rehearing by *Zinser v. Accufix Research Institute, Inc*., 273 F.3d 1266 (9th Cir.2001) (noting that Plaintiff "bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)").

Rule 23(b) requires that the plaintiff establish that either: (1) there is a risk of inconsistent adjudication, or adjudication of individual class member's claims would substantially impair non-party members' ability to protect their interests; (2) the defendant acted on grounds generally applicable to the class; or (3) common questions of law or fact predominate and class resolution is superior to other available methods. Fed.R.Civ.P. 23(b).

The plaintiff bears the burden of proving that certification is appropriate. See *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir.2001). However, "[b]ecause the early resolution of the class certification question requires some degree of speculation ... all that is required is that the Court form a 'reasonable judgment' on each certification requirement." *In re Citric Acid Antitrust Litig*., 1996 WL 655791 *2 (N.D.Cal.1996).  "In formulating this judgment, the Court may properly consider both the allegations of the class action complaint and the supplemental evidentiary

[Proposed] Order Granting Motion for Class Certification
3
CV-09-03179 SI

submissions of the parties." Id. at 2.

### III. ANALYSIS

#### A. Class Period

The appropriate class period for the claims raised is governed by a three year statute of limitations in connection with the Second Cause of Action for penalties under *Labor Code* §203 (from June 9, 2006), and one year for the First and Third Causes of Action (from June 9, 2008).

#### B. Ascertainability

A prerequisite to certification is that the class must be sufficiently definite. *See, DeBremaeker vs. Short,* 433 F.2d 733, 734 (5th Cir. 1970). An identifiable class exists if its members can be ascertained by reference to objective criteria. *Id.*, at 734. The members of the proposed class can be ascertained from objective data, thus resulting in an identifiable class. See, *DeBremaeker vs. Short*, 433 F.2d 733, 734 (5th Cir. 1970). In response to Requests For Admissions 5 and 6 (Exhibit 5 to the Motion), Defendant admitted that its records contain the names of all potential class members, and last known contact information for each.

#### C.    The Requirements of *Fed. R. Civ. P.* 23(a)

##### 1.    Joinder Of All Members Is Impractical

The proposed class is made up of over 20,000 current and former California H&R Block employees. Marlin declaration, ¶3. All of whom appear to be equally affected by Defendant's common policy. Individual litigation of these identical claims would not only be impractical and a waste of judicial resources. A class action is the ideal procedure for the resolution of such a large number of claims, on behalf of thousands of employees:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). (Internal quotes omitted.)

///

**2.      There Are Common Questions of Law And Fact**

*Fed. R. Civ. P.* 23(a)(2) requires the existence of common law or fact questions among the members of the proposed class. This commonality requirement is less strict than rule 23(b)(3), which will be discussed hereafter. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, the following common questions of law and fact are present:

i.  Under California law, does the Defendant's policy of providing final hourly pay to employees on the contract termination date, despite the fact that employees may have ceased providing services days before, violate the *Labor Code*?

ii. Does Defendant's policy of paying Additional Compensation in mid May each year violate the *Labor Code*?

iii. Do Defendant's wage statements violate the *Labor Code* in failing to disclose the amount of Additional Compensation earned?

iv. If Defendant has violated the *Labor Code* as noted above, was that failure willful under *Labor Code* §203?

These common questions of law or fact meet the requirements of section 23(a)(2).

**3.      The Representative Plaintiffs' Claims Are Typical of the Claims of the Absent Class**

*Fed. R. Civ. P.* 23(a)(3) sets forth the "typicality" requirement for certification of a class action. "This prong requires that the claims and defenses of the class representative do not differ significantly from the claims or defenses of the class as a whole." *In re Activision Securities Litigation,* 621 F.Supp 415, 428 (N.D. Cal. 1985). "The typicality requirement should be construed broadly." *Id*. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct.'" *Hanson v. Dataproducts Corp.*, 976 F.2d 497, 508  (9th Cir. 1992) (quoting *Schwartz vs. Harp,* 108 F.R.D. 279, 282 (C.D. Cal. 1985). Accord, *Lightbourn vs. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1998).

When a plaintiff's claim is typical, the plaintiff and each member of the represented group have an interest in prevailing on similar legal claims. By pursuing his or her

interests in the litigation, the class representative advances the interests of the class members. This alignment of interest is a necessary consequence of the typicality of the plaintiff's claim. 1 *Newberg on Class Actions*, Fourth Edition, §3.16 at 378.

In this case, there are two proposed representative plaintiffs - Arabella Lemus and Malvin A. Ayala. Each worked for Defendant in California as a Seasonal Tax Professional during several different tax seasons during the proposed class period. Testimony was obtained from Defendant's designated 30(b)(6) witness, JoAnn Atkinson, that the timing of compensation payments to the Plaintiffs would be the same as that made to all Seasonal Tax Pros. Each proposed representative plaintiff was thus subject to the same policies and procedures concerning the timing of payment of compensation and the information provided on wage statements so that each has claims typical of the members of the proposed class. In addition, Ms. Lemus was terminated prior to the end of the 2009 tax season, making her claims for that tax season typical of the claims of members of the proposed sub-class.

### 4. Adequacy of Representation

*Fed. R. Civ. P.* 23(a)(4) requires that plaintiffs be able to "fairly and adequately protect the interests of the class". To establish adequacy of representation, plaintiffs must show that (1) their interests are common with, and not antagonistic to, the classes' interests; and (2) that they are "able to prosecute the action vigorously through qualified counsel." *Lerwill vs. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

There is no evidence that any plaintiff has any conflict of interest with any member of the proposed class. Plaintiffs' counsel has investigated the claims of the class through discovery, depositions, etc. Plaintiffs' counsel have filed declarations establishing their substantial experience in the litigation of class actions, and in particular the litigation of employment related matters. Defendant has not raised any challenge to the competency of plaintiffs' counsel.

Accordingly, the Court finds that the adequacy of representation requirement is met.

### D. Rule 23(b)(3) Requirements

Under Rule 23(b)(3), the Court must find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a

class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). The matters pertinent to a finding under Rule 23(b)(3) include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and, (d) the difficulties likely to be encountered in the management of a class action.  *Lerwill vs. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978)

The objective behind the two requirements of Rule 23(b)(3) is the promotion of economy and efficiency in actions that primarily involve monetary damages. *See* Fed.R.Civ.P. 23(b)(3) advisory committee notes. When common issues predominate, true economy may be achieved through the class action device, as time, effort and expense can be saved as compared to individual suits, and the confusion over differing outcomes can be avoided. *Id.*

**1.     Common Facts and Legal Issues Predominate**

Rule 23(b)(3) requires that questions of law or fact common to class members predominate over any questions affecting only individual members of the class, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy. These requirements are clearly met herein.

This case revolves entirely around the timing of compensation payments made by Defendant to Seasonal Tax Pros working in California during the proposed class period, as well as the impact of those payments on the pay stub violations sought in the Second Cause of Action.  The testimony from Defendant's representative witness is that the policies and procedures concerning the timing of payment are applied to all proposed class members.

Each of the common questions set forth *ante* in relation to the discussion of the requirements of Rule 23(a)(2) are also the predominant questions which will drive this entire case.  As the answer to these questions will ultimately decide the liability phase of the case, they clearly predominate over any potential individual issues.  They raise common factual issues as well as common legal issues that are dispositive of the claims presented on behalf of the proposed class.

1     <u>Labor Code claims:</u>

2     The legal and factual issues are common to all the members of the Class and to Sub-Class No.
3 1. The question of whether defendant's conduct was or was not in violation of various *Labor Code*
4 sections, and whether it was or was not willful in connection with its policies and procedures, as well
5 as with the implementation of the same, is common to all the class members. Questions concerning
6 defendant's conduct predominate in connection with all of the claims under the *Labor Code*.

7     With regard to the calculation of the amount of damages, if any, which will be owed to each
8 class member, plaintiffs' have established that the necessary information is available from Defendant's
9 records. The date and timing of "end of season" payments to class members each year is common to
10 all class members employed through an entire tax season. Calculation of damages relating thereto,
11 including penalties under section 203 will be straight forward and readily done. Calculation of
12 damages due any sub-class member who did not work through an entire season are also readily
13 determined from Defendant's records.

14     Since Defendant's witnesses have testified that its policies and procedures concerning payment
15 of compensation, and the information contained on wage statements, is identical to all class members
16 and applied equally to all class members, the issue of recovery of penalties pursuant to *Labor Code*
17 §203 is clearly subject to common proof, and is not individual to any plaintiff or proposed class
18 member.

19              **2.    Superiority**

20     In this case, the legal and factual issues surrounding policy and practice of Defendant in
21 connection with the timing of compensation payments, and the presentation of what Plaintiffs claim
22 are inaccurate and incomplete payroll wage statements, are uniquely suited to class treatment. It is the
23 only logical manner in which these issues can be resolved on behalf of more than 20,000 class
24 members who have all been treated exactly the same by Defendant. Indeed, individual class members
25 would suffer from individual litigation of these matters. The same issues and the same facts apply
26 equally to all, and class members have no logical interest in personally litigating issues that the
27 Plaintiffs are prepared to litigate on their behalf. The benefit of certification of this class is that the
28 evidence which will be presented concerning Defendant's actions, although costly to obtain, is

applicable to the claims of all members of the proposed class.

### 3. This Is The Appropriate Forum For Resolution of These Claims

The proposed class is comprised of employees of Defendant who were employed in the State of California. The claims are based upon Defendant's failure to comply with the mandates of the California *Labor Code*, and the rulings of the California Supreme Court. Defendant has business locations throughout the State of California, and this Court located in the Northern District of California, this is clearly an appropriate forum for resolution of this matter.

### CONCLUSION

Plaintiffs have satisfied the criteria of *Rule 23(a)* and *Rule 23(b)(3)*. Class certification is appropriate. The motion is GRANTED.

1. The Court certifies the following class in connection with the causes of action set forth in the Fourth Amended Complaint:

**Plaintiff Class:**

All seasonal, non-exempt Tax Professional employees who were or are employed by defendants during the Class Period in California as tax preparers.

**Terminated Sub-Class**:

All members of the Plaintiff Class whose employment ended during the Class Period. The proposed Class Period runs from June 9, 2006 through the date class notice is mailed.

2. The Court appoints Marlin & Saltzman, LLP, the Diversity Law Group, APC and The Law Offices of Sherry Jung as class counsel.

3. Class counsel shall prepare a proposed form of class notice and shall meet and confer with defendant's counsel concerning the same. Any agreed upon notice shall be presented to the Court for approval by December 10, 2010 In the event the parties cannot agree upon the form of notice, each side shall file their proposed version for consideration by December 10, 2010. The Notice shall permit class members to opt-out of the class if they so desire within 45 days of notice having been sent.

4. Notice shall be provided to the class via U.S. Mail to the last known address of each class member reflected on Defendant's records. Defendant shall cooperate with class counsel in

1  preparing a computerized mailing list as required.

2     5.     Class Counsel shall select an experienced Administrator to handle dissemination of
3  class notice and receipt of opt out requests.

4     6.     The Administrator shall establish a web-site to assist with communication with
5  members of the class, and to permit members of the class to provide updated address information.

7  Dated:  12/6/10
        _____
        Hon. Susan Illston
8       District Court Judge