1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10
11  ARABELLA LEMUS, MALVIN A. AYALA as individuals and on behalf of all others similarly situated,

12
13                  Plaintiffs,

14          vs.

15  H&R BLOCK ENTERPRISES, LLC (fka H&R BLOCK ENTERPRISES, INC., a Missouri corporation); and DOES 1 through 50, inclusive,

16
17
18                  Defendants.

19
20

Case No. CV-09-03179 SI
The Honorable Susan Illston

CLASS ACTION

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

Date:       February 10, 2012
Time:       9:00 a.m.
Courtroom: 10

21          This matter came before the Court on the motion filed by Plaintiffs, on

22  behalf of themselves and the previously certified class, for preliminary approval

23  of a proposed class action settlement.   The Court, having considered and

24  reviewed the documents, arguments and evidence submitted by the moving

25  party, and good cause appearing therefore, does hereby GRANT the motion,

26  and FINDS and ORDERS as follows:

27
28

1

1. On December 7, 2010, the Court certified a plaintiff class. In connection with the granting of the preliminary approval, the Court conditionally grants the request to modify the class definition and expand the class period and will execute the Amended Settlement Certification Order submitted with the motion for preliminary approval.

2. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 32(a) and 23(b)(3), the Court conditionally certifies the following class:

> All individuals who were employed by H&R Block in California from June 9, 2006 through May 15, 2011 as seasonal, non-exempt Tax Professionals.

3. The Court conditionally finds that, for the purposes of approving this settlement, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed settlement Class; (c) the claims of Plaintiffs are typical of the claims of the members of the proposed settlement Class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the proposed settlement Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

4. If for any reason the Court does not grant final approval of the settlement, each Party shall retain all of their respective rights in connection with the December 7, 2010 Certification Order.

5. The Court's conditional findings are limited solely to the claims brought on behalf of the proposed settlement Class. The Court's findings are for purposes of conditionally certifying the settlement Class only and will not

have any claim or preclusion or estoppel effect and shall not be used for any purpose in any other action against Defendant, or in this action if the settlement is not finally approved.

6.     The Court re-appoints Arabella Lemus and Malvin A. Ayala as Class Representatives.

7.     The Court re-appoints Class Counsel as counsel for the settlement Class.

8.     The Court finds on a preliminary basis that the proposed terms of the settlement as set forth in the Settlement Agreement attached as Exhibit A to the motion are reasonable, and therefore grants preliminary approval of the proposed settlement.  Based on a review of the papers submitted with the motion, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and had become familiar with the strengths and weaknesses of those claims.  The assistance of experienced negotiators in the settlement process supports the Court's conclusion that the settlement is non-collusive.

9.     The Court finds and concludes that the Notice of Settlement and the Claim Form (collectively referred to herein as the Notice Packet, and attached as Exhibits 1-2 to Exhibit A to the motion), as well as the procedure set forth in the Settlement Agreement for providing notice to the Class, will provide the best notice practicable, satisfies the notice requirements of Rule 23(c), and adequately advises Class Members of their rights under the settlement, and therefore meets the requirements of due process.

10.     The Notice Packet fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2)

appropriate information about Plaintiffs' and Class Counsel's applications for Class Representatives' Enhancement Awards, and the Class Counsel's attorneys' fees and litigation and cost award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about Class Members' rights to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt out request, if a Class Member wishes to do so; (5) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

11.     The proposed plan for mailing the Notice Packet by first class mail to the Class Members' last known address is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. There is no alternative method of distribution that would be more practicable, and any more reasonably likely to notify Class. The proposed Notice Packet and the notice plan (including mailed notice, notice posted on a website) are the best practicable notice under the facts and circumstances of this case.

12.     The proposed Claim Form allows Class Members a full and fair opportunity to submit a claim for proceeds under the settlement. The Notice Packet fairly, accurately, and reasonably informs Class Members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.

13.     The amended Notice Packet, with a "no postage necessary" return envelope, and the manner of distributing the Notice of Settlement and Claim Form to the Class are approved.

14.     The parties are ordered to carry out the settlement according to the terms of the Settlement Agreement.

15.     The Court appoints Simpluris, Inc. as the Claims Administrator.

Promptly following entry of this order, the Claims Administrator will prepare a final version of the Notice Packet, incorporating into it the relevant dates and deadlines set forth in this order and the Settlement Agreement and will commence the notice process in accordance with the scheduling order set forth below.

16.    The deadlines for filing requests for exclusion, objections to the settlement and claims shall be in conformity with the Settlement Agreement and the scheduling order set forth below.

17.    Objections by any Plaintiff Settlement Class Member to: (a) the proposed settlement contained in the Settlement Agreement and described in the class notice; (b) the payment of fees and reimbursement of expenses to Plaintiffs' Counsel; (c) Enhancement Award to the Class Representatives; and/or (d) entry of the Judgment shall be heard, and any papers submitted in support of said objection shall be considered by the Court at the Final Approval Hearing only if, on or before April 14, 2012, such objector files with the Clerk of the United States District Court for the Northern District of California: (1) a notice of his, her or its objection and a statement of the basis for such objection; (2) if applicable, a statement of his, her or its intention to appear at the Final Approval Hearing.  Copies of the foregoing must also be mailed or delivered to counsel for the Parties identified in the class notice.  In order to be considered for hearing, all objections must be submitted to the Court and actually received by the counsel identified in the class notice on or before April 14, 2012.  A Settlement Class Member need not appear at the Final Approval Hearing in order for his, her or its objection to be considered.

18.    No later than ten days before the Final Approval Hearing, the Parties shall file all papers in support of the Motion for Final Approval of the Settlement and/or any papers in response to any valid and timely objection with

5

the Court, and shall serve copies of such papers upon each other and upon each other and upon any objector who has complied with the provisions of Paragraph 17 of this Order.

19. No later than twenty-eight (28) days before the last day to object to the Settlement, Class Counsel shall file their motion for an award of attorneys' fees and costs and for class representative enhancement awards.

20. The Court will conduct a Final Approval Hearing on [May 10, 2012]] [~~May ___, 2012~~], at 9:00 a.m. in Courtroom 10 to determine, (1) whether the proposed settlement is fair reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement Awards to the Class Representatives.

21. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____2/14/12_____

_____
Hon. Susan Illston
United States District Judge

[Proposed] Order Granting Preliminary Approval of Settlement          Case No. CV-09-03179 SI