Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Jay W. Brandenburg

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARABELLA LEMUS, MALVIN A. AYALA, as individuals and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>H & R BLOCK ENTERPRISES, LLC (fka H & R BLOCK ENTERPRISES, INC., a Missouri corporation); and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No. 09-CV-03179-SI<br><br>**OBJECTION OF JAY W. BRANDENBURG TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date: May 18, 2012<br>Time: 9:00 a.m.<br>Place: Courtroom 10<br>Judge: Hon. Susan Illston |

      COMES NOW, JAY W. BRANDENBURG ("Objector") Class Member to this action, by and through his undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the final approval hearing, and requests award of an incentive fee for his role, if any, in improving the settlement for the benefit of the class members.

      Objector represents to the court that he is a Class Member, qualified to make a claim as set forth in the NOTICE OF CLASS ACTION SETTLEMENT, as he worked for Defendant as a seasonal tax professional during the class period. Proof of class membership is available upon request from his counsel of record. His address is in Carlsbad, California. His phone number is xxx-xxx-9669.

1

Objector makes the following objections:

1. The attorneys' fee application is not supported by the appropriate law and is therefore grossly excessive. Because this case is tethered to California fee-shifting statutes, a request for a percentage of the common fund is entirely inappropriate and not supported by law. The request for a 2.9 multiplier is unsupportable for the same reasons.

2. The class notice is misleading and is not neutral as is required.

3. The notice is deficient in that it fails to give class members an estimate of their recovery.

4. The cy pres component of the settlement is not adequately disclosed to the class, and is not sufficiently developed.

## I. CLASS COUNSEL'S REQUEST FOR A PERCENTAGE OF THE COMMON FUND IS NOT PERMISSIBLE UNDER CALIFORNIA LAW

In diversity cases, federal courts apply state substantive law to determine the method of calculating attorneys' fees. *Security Mutual Life Ins. Co. v. Contemporary Real Estate Assoc.* 979 F.2d 329, 331-32 (3d Cir. 1992); *Mangold v. California Public Utilities Comm'n* 67 F.3d 1470, 1478 (9th Cir. 1995); *Northern Heel Corp. v. Compo Indus.* 851 F.2d 456, 475 (1st Cir. 1988). This case was filed in California state court, and removed based on diversity jurisdiction. Importantly, the underlying claims are based on California Labor Code statutes, which are fee-shifting statutes. Despite clear precedent requiring the calculation of fees according to the statute, class counsel requested a percentage of the fund award (one-third of the $35 million common fund). Its only support is founded on federal case law.

This action was brought for failure to provide accurate wage statements in violation of Labor Code § 226, (2) failure to pay all wages due at the time of termination of employment in violation of Labor Code § 203 ,and for (3) civil penalties under the Private Attorney General Act (Labor Code, §§ 2698, et seq.) All three of these statutes provide for reimbursement of *reasonable* attorneys' fees. For example, Labor Code section 218.5 states, "In any action brought for the nonpayment of wages, fringe

benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party…". Likewise, Section 226, subpart (e) also confirms that an employee is entitled to, "an award of costs and reasonable attorney's fees." Section 2698 of the California Labor Code provides for the same under subpart (g). The linchpin is the word "reasonable." Certainly, one-third of the common fund cannot be deemed reasonable under these principles.

The California Supreme Court, in *Serrano v. Priest*, 20 Cal.3d 25 (1977) (*Serrano III*), made it clear that "the starting point of every fee award . . . must be a calculation of the attorney's services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts." *Id.* at 48, n 23. *See also, Ketchum v. Moses* 24 Cal.4th 1122 (2001), *In re Vitamin Cases*, 110 Cal.App.4th 1041 (2003). Recent cases confirm that the lodestar method is required in all cases, including those involving common funds. *See, Leallao v. Beneficial California, Inc.* 82 Cal.App.4th 19, 37-39 (2000); *Dunk v. Ford Motor Co*. 48 Cal.App.4th 1794, 1809-11 (1996).

California has maintained its strict adherence to the lodestar approach, despite a contrary trend in federal jurisprudence:

> The award of attorney fees based on a percentage of a "common fund" recovery **is of questionable validity in California**; and even if it is valid, the true value of the fund must be easily calculated. . . . Even if the method is permissible, it should only be used where the amount was a "certain or easily calculable sum of money."

*Dunk , supra,* at 1809 (quoting *Serrano v. Priest,* 20 Cal.3d 25, 35 (1977)(emphasis added). Even if the percentage approach were permissible in this case, the one-third request exceeds the admitted twenty-five percent "benchmark" and cannot possibly qualify as "reasonable" as required under the Labor Codes. See *Six Mexican Workers Six Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990).

Even if class counsel were able to rely on federal law, it also does not support the request for a percentage of the common fund. The statutes upon which the complaint is based are fee-shifting. *See,*

3

e.g. California Labor Code §2699(g). The court in *In re Bluetooth Headset Products Liab. Litig.,* 654 F.3d 935, 941 (9th Cir. 2011), stated that "the lodestar method is appropriate in class actions brought under fee-shifting statutes."

Applying California law, as required, class counsel's request is excessive. The attorneys are seeking a market rate of $700 per hour, a more than "reasonable" amount to recover. To also award a 3.0 multiplier (making it $2,100 per hour) is beyond the limits of reason. This fee request is excessive and inappropriate based on applicable law and notions of fairness. An award reflecting counsel's actual lodestar would give greater effect to the purpose of the fee-shifting statutes upon which this case is based, and would more closely align with both federal and state jurisprudence regarding fee awards.

## II. THE CLASS NOTICE WAS MISLEADING AND WAS NOT "SCRUPULOUSLY NEUTRAL" AS REQUIRED

The class notice appears defective, in that it misleads class members into believing that the settlement is finished, and they may simply participate or not. This same situation occurred in *State of California v. Levi Strauss & Co.,* 41 Cal.3d 460 (1986), in which the court determined that the notice was improper:

> Unfortunately, due to the layout and ordering of the packet, the announcement of the "cash refund" overshadowed the legal notice itself. Viewed as a whole, the mailing was far from "scrupulously neutral." [¶] The front cover was labeled "Notice of Cash Refund." The back cover also referred exclusively to the cash refund. . . . This letter informed the reader that the Attorney General "has settled" a lawsuit and that purchasers of men's and boys' jeans "*are now eligible* for a cash refund of up to $2.00 per pair." (Emphasis by court.) The letter further explained that the mailing was "your claim form" and urged the reader to "read the simple instructions, fill it out and mail it back to us."

41 Cal.3d at 486 (C.J. Bird, concurring).

The notice in the present case suffers from the same faults. The title is "Notice of Class Action Settlement." This indicates that the process is over. The opening sentence is "the Court in this action granted preliminary approval." To a lay reader, this may indicate a finalized lawsuit. The next paragraph reads: "As a result of the settlement of the action, the lawsuit will be dismissed with prejudice." This, too, indicates that the case IS OVER. In the first section, the notice states that "the parties have reached and Agreement to settle the Litigation." Finally, under section two, the paragraph opens with "The litigation is being settled."

4

All of this language, taken together, gives a lay class member little indication that there is anything left to do except make a claim. This effect was found to be legally deficient in the *Levi Strauss* case, and should give the Court pause to consider whether the same defect renders the notice deficient in this case.

### III. THE NOTICE IS NOT DESIGNED TO GIVE CLASS MEMBERS INFORMATION NOR DESIGNED TO ENCOURAGE PARTICIPATION

The Notice describes class member benefits with respect to "tax season points," and then directs a class member to the settlement agreement for further complicated explanation of how benefits will be distributed. This approach appears designed to discourage participation in what could be a significant settlement benefit to each class member.

In fee application declarations, class counsel have determined that class members may be eligible for more than $1,000, and up to as much as $3,000 or even more, depending on the "tax season points" and participation rate. This is information which should have been contained in the notice, or at the very least on the settlement website, to encourage participation. The fact that it is not included may hint at collusion, because this is a claims-made settlement with reversion to defendant. The fewer claims made, the less defendant parts with. By secreting this information from the class members and burying it in a fee application, the result might be a windfall return to Defendant, instead of to the class members.

### IV. THE CY PRES COMPONENT OF THE SETTLEMENT IS NOT ADEQUATELY DISCLOSED OR DEVELOPED

Being a claims-made settlement, with a minimum guaranteed settlement amount, the possibility of funds remaining in the fund exists, given historical claims-made percentages. No reference is made to this possibility of remaining funds in the notice. A brief mention of possible cy pres funds is found in the settlement agreement, with no real development of this contingency. Cy pres, however, demands a bit more:

> When selection of *cy pres* beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class members, the selection process may answer to the whims and self interests of the parties, their counsel, or the court. Moreover, the specter of judges and outside entities dealing in the distribution and solicitation of settlement money may create the appearance of impropriety. *Bear Stearns,* 626 F.Supp.2d at 415. . . . To remedy some of these concerns, we held in *Six Mexican Workers* that *cy pres* distribution

5

must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members. *Six Mexican Workers*, 904 F.2d at 1307.

*Nachshin v. AOL, LLC,* 663 F.3d 1034, 1039 (9th Cir. 2011). The allegations of the complaint and remedies sought are firmly tied to Labor Code remedies. The parties' failure to address the concerns of the complaint in the cy pres provision shows a lack of vision and requires further development to appropriately distribute any remaining funds in the settlement fund, to comport with applicable *cy pres* principles.

### V. CONCLUSION

For the foregoing reasons and all others presented at oral argument, this Objector respectfully requests that the Court sustain his objections and grant the following relief:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

C. Award an incentive fee to this Objector for his service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to his attorney.

LAW OFFICES OF DARRELL PALMER

Dated: April 16, 2012           By: ____/s/ Joseph Darrell Palmer_____
                                    Joseph Darrell Palmer
                                    Attorney for Objector, JAY W. BRANDENBURG

6

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2012, I electronically filed the foregoing OBJECTION OF JAY W. BRANDENBURG TO PROPOSED SETTLEMENT AND NOTICE OF APPEARANCE AT HEARING with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

          ___/s/ Joseph Darrell Palmer____
          Joseph Darrell Palmer
          Attorney for Objector

09-CV-03179-SI
OBJECTION OF JAY W. BRANDENBURG TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR