**MARLIN & SALTZMAN, LLP**
Louis M. Marlin (SBN 54053)
Stanley D. Saltzman (SBN 90059)
Dale A. Anderson (SBN 122104)
Kristen Marquis Fritz (SBN 268326)
3200 El Camino Real, Ste. 100
Irvine, California 92602
Tel: (714) 669-4900; Fax: (714) 669-4750
louis.marlin@marlinsaltzman.com
ssaltzman@marlinsaltzman.com
danderson@marlinsaltzman.com
kfritz@marlinsaltzman.com

**DIVERSITY LAW GROUP**, APC
Larry W. Lee (SBN 228175)
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California 90071
Telephone: (213) 488-6555
lwlee@diversitylaw.com

Attorneys for Plaintiffs and Plaintiff Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, MALVIN A. AYALA as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>H&R BLOCK ENTERPRISES, LLC (fka H&R BLOCK ENTERPRISES, INC., a Missouri corporation); and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: CV-09-03179 SI<br>The Honorable Susan Illston<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO BRADENBURG OBJECTION TO CLASS ACTION SETTLEMENT**<br><br>Date: May 18, 2012<br>Time: 9:00 a.m.<br>Courtroom: 10 |

Plaintiffs and the Plaintiff Class, by and through their counsel of record, hereby respond to the objection filed by Jay Brandenburg:

**I.    INTRODUCTION**

Mr. Brandenburg's counsel has requested permission to withdraw his objection. Class Counsel join in that request. However, and in an abundance of caution, and in light of the fact that objector Ugas filed a joinder in Mr. Brandenburg's objection, the following is a response to the issues raised.

Plaintiffs' Response to *Brandenburg* Objection        2        CV-09-03179 SI

I.  **Awarding Attorneys' Fees As A Percentage of A Common Fund is Appropriate Under California Law**

An attorney fee award based upon a percentage of a common fund is entirely proper in California and in the Federal Courts. Mr. Brandenburg's assertion that the decision in *Lealao v. Beneficial California, Inc.* 82 Cal.App.4th 19 (2000) stands for the proposition that "the lodestar method is required in all cases, including those involving common funds," is inaccurate. <u>In *Lealao* there was no common fund</u>.

To the contrary, and as discussed more fully in the Motion for Approval of Attorney's Fees, California law is clear that use of the common fund is appropriate. See, *Serrano v. Priest*, 20 Cal. 3d 25 at 35 (1977). Federal Courts, ruling on California cases, have consistently used the percentage of a common fund as the basis for awarding attorneys' fees. See, *Paul, Johnson, Alston & Hunt v. Gaulty,* 886 F.2d 268 (9th Cir. 1989) wherein the Ninth Circuit held:

> [I]t is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit. The amount of such a reward is that which is deemed 'reasonable' under the circumstance.

*Id.* at 271.

II. **The Class Notice Was Fair And Clear**

Mr. Brandenburg claims that the class notice "appears defective, in that it misleads class members into believing that the settlement is finished, and that they simply participate or not. This is incorrect. The sections of the Notice informing class members how to participate in the settlement, the Notice also advises in clear language how one can exclude oneself, or object, if that is desired.

Section IX of the Notice describes in detail a class member's right to exclude himself or herself from the settlement, and the impact of that decision in

connection with the right to pursue individual action against Defendant. Section X of the Notice informs Class Members in detail of their right to object to the settlement, the procedure for doing so, and informs Class Members what will happen if the settlement does not receive final approval. Finally, section XI agaiin sets forth and reminds Class Members of the deadlines for both exclusions and objections.

The language of the Notice and the Claim Form was the subject of negotiations between the parties, and approval by this Court. Class Members have been provided with a clear explanation of their rights and of the benefits of the settlement. In addition, as this Court may recall, Class Counsel here took the additional step of negotiating for and obtaining (1) an agreement that a "no postage necessary" envelope was provided with the Notice and Claim Form, and (2) an agreement that a Reminder Postcard be sent to Class Members who had not made a claim as of the approximate mid-point in the claim process. That has been done, and represents a clear and successful effort to encourage Class Member participation.

### III. The *Cy Pres* Award Is Entirely Appropriate

Mr. Brandenburg does not object to a *cy pres* distribution, but rather makes the statement that "the *cy pres* provision shows a lack of vision and requires further development to appropriately distribute remaining funds in the settlement fund, to comport with applicable *cy pres* principles. (Brandenburg Objection, page 6, line 5). Yet, Mr. Brandenburg offers absolutely no argument or discussion to support this somewhat opaque statement.

Here, the *cy pres* award comports entirely with the holding in *Nachshin v. AOL, LLC,* 663 F.ed 1034 (9th Cir. 2012). The settlement agreement directs distribution of the *cy pres* to non-profits who promote the interests of employees in the State of California.

///

## CONCLUSION

Mr. Brandenburg has correctly decided to withdraw his objection upon further analysis of the within settlement. That decision was appropriate, and his request to withdraw his objection should be granted.

Dated: May 8, 2012                    **MARLIN & SALTZMAN, LLP**


By: /s/ Louis M. Marlin
    Louis M. Marlin
Attorneys for Plaintiffs and the Class