IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>H&R BLOCK ENTERPRISES LLC., a Missouri corporation,<br><br>    Defendant.<br>                                       / | No. C 09-3179 SI<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION AND GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION; MODIFYING ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND INCENTIVE AWARDS** |

Plaintiffs have filed an administrative motion seeking leave to file a motion for reconsideration of this Court's Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees and Incentive Awards. Plaintiffs contend that the Court erred by not awarding a risk multiplier when granting fees to plaintiffs' counsel.

"Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994)). "Courts may compare the two methods of calculating attorney's fees in determining whether fees are reasonable." *Fischel v. Equitable Life Assur. Society of the United States*, 307 F.3d 997, 1007 (9th Cir. 2002). "A district court generally has discretion to apply a multiplier to the attorney's fees calculation to compensate for the risk of nonpayment." *Id*. at 1008. "It is an abuse of discretion to fail to apply a risk multiplier, however, when (1) attorneys take a case with the expectation that they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence that the case was risky." *Id.*

The Court originally awarded plaintiffs' counsel their lodestar of $3,983,134, which represented approximately 20% of the total amount paid by defendant to fund the settlement. The Court did not apply a risk multiplier. Upon further review, the Court finds that plaintiffs' counsel have demonstrated that they are entitled to a risk multiplier because counsel have submitted declarations showing that this case was risky, that the lawyers' hourly rates do not reflect that risk, and that counsel took this case with the expectation that they would receive a risk enhancement if they prevailed. The Court finds it appropriate to award a risk multiplier of 1.3, resulting in a fee award of $5,178,074.20, which is approximately 25% of the total amount paid by defendant to fund the settlement.[1] *See Vizcaino*, 290 F.3d at 1047 (stating that in common fund cases the "benchmark" award is 25%).

This order resolves Docket No. 165.

**IT IS SO ORDERED.**

Dated: September 10, 2012

SUSAN ILLSTON
United States District Judge

---

[1] By awarding fees of $5,178,074.20, the Net Settlement Amount is $29,399,862.30, with 50.42%, or approximately $14,823,410.57, distributed to the class. Based upon these figures, defendant pays a total of approximately $20,423,548.27, and the fee award is approximately 25% of the total amount paid by defendant to fund the settlement.