IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARABELLA LEMUS, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>H&R BLOCK ENTERPRISES, LLC,<br><br>            Defendant.                                    / | No. C 09-03179 SI<br><br>**ORDER DENYING MOTION TO PERMIT LATE CLAIM AND RECONSIDER CLASS SETTLEMENT** |

Currently before the Court is *pro se* claimant Paul Singh Madar's motion to permit his late-filed claim and to reconsider the final approval of the class action settlement. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for July 26, 2013. Having carefully considered the papers, the Court hereby DENIES claimant Madar's motion, for the reasons set forth below.

**BACKGROUND**

This case arose from a suit alleging H&R Block committed violations of California wage and hour laws. In November 2010, the Court certified a class of "all seasonal, non-exempt Tax Professional employees who were or are employed by defendants during the Class Period in California as tax preparers." After the parties filed cross-motions for summary judgment, they attended several mediation sessions and eventually reached a settlement. Defendant agreed to pay a maximum settlement amount of $35 million, which included a $75,000 payment to the California Labor and Workforce Development Agency, settlement administration costs, a $50,000 late claim fund, an award of attorneys' fees and

costs, and incentive awards to the named plaintiffs. Class members' recoveries varied based on the number of years worked, but were estimated to average approximately $1,200 per class member. The Court granted preliminary approval of the settlement on February 15, 2012, and claim forms and notifications were sent to the class. The Court granted final approval of the settlement on October 22, 2012.

Simpluris, Inc., is the claims administrator in this class action settlement. On March 1, 2012, a class notification and claim form were mailed to Paul Singh Madar at P.O. Box 360507, Milpitas, CA 95036. Decl. of Michael Bui ("Bui Decl.") ¶ 4. On April 23, 2012, Simpluris sent a reminder postcard to Mr. Madar at that same address. *Id.* The mailings were not returned undelivered. *Id.* The deadline to submit a claim form was May 21, 2012.

Mr. Madar does not dispute that he received the claim form and notice. Instead, he claims that he mailed the claim form on April 30, 2012 to Simpluris. However, when he called Simpluris on January 24, 2013, to inquire about the status of his claim, he was told that Simpluris had never received his claim form, and the deadline had passed. Bui Decl. ¶ 5. Mr. Madar called again on February 20, 2013, and was told the same information by Simpluris. *Id.* On February 25, 2013, Simpluris received Mr. Madar's claim form, and rejected his claim because it was untimely. *Id.*

On November 13, 2012, Simpluris issued the settlement checks to class members who submitted timely claim forms. Bui Decl. ¶ 6. Simpluris declares that, "[n]o additional settlement funds remain at this time." *Id.* ¶ 7.

**DISCUSSION**

Federal policy strongly favors the settlement of class action suits. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Indeed, there is an "overriding public interest" in settling class actions. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (citing *Von Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

In order for a plaintiff class to receive money from a defendant, deadlines must be set for the class members to submit their claims. Otherwise, the claim period would never cease and the money

could never be distributed. Moreover, deadlines are important to defendants because they allow finality and ensure the sanctity of a judgment.

A district court has discretion to allow late claims to a settlement fund. *See In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008). In this case, the Court does not find that allowance of a late claim would be appropriate. Mr. Madar did not contact Simpluris regarding his claim until eight months after the deadline, and two months after the settlement checks were issued. Moreover, all of the settlement funds have already been disbursed, so no funds remain to pay Mr. Madar's late claim without disrupting the finality of the judgment. Additionally, the Court does not find that Mr. Madar has articulated a compelling reason to reconsider the final approval of the class action settlement.

## CONCLUSION

For the foregoing reasons, the Court DENIES claimant Madar's motion. This resolves Docket No. 177.

**IT IS SO ORDERED.**

Dated: July 23, 2013

SUSAN ILLSTON
United States District Judge